Nicholson, Cb. J.,
delivered tbe opinion of tbe court:
Tbis is a motion to discharge and set aside an order made on a former day of this term, directing a sujiersedeas to issue, superseding and suspending an interlocutory decree in tbis cause in tbe chancery court, whereby an injunction previously granted was dissolved. Tbe supersedeas was limited to -certain property subject to be sold under said interlocutory decree, which property is, by law, exempt from execution and sale.
Tbe first objection taken to tbe order for tbe supersedeas is, that tbe petition for supersedeas was not accompanied by a transcript of tbe record in tbe cause. Tbe petition was filed under secs. 3933 and 3934 of tbe Code [Shannon’s Code, secs. 5737, 5738]. These sections make no provisions for notice in such application, but contemplate *543 an ex parte application upon petition; but not requiring the petition to be acoinpanied by a transcript of the record. But while there is no requirement of this kind, the court is of opinion that the better practice in such case is to require the petition to be accompanied by a transcript of the record, or at least so much thereof as will show clearly the error complained of. Upon this holding we required the petitioner to furnish a copy of the record in the case before us, and we have reconsidered the application for supersedeas, with the advantage of having the transcript as well as the petition.
We find that the petition contains a full and substantially correct statement of the proceedings, as contained in the transcript.
We are satisfied, upon an examination of the record, to let the order -for supersedeas stand. One of the questions in issue between the parties is, whether certain specific articles of personal property, exempt by law from execution, were included in a mortgage made by petitioner, in May, 18J0, to defendant; and if so, whether petitioner has not the right, before the sale of said property under the mortgage, to withdraw his consent to this appropriation, and to claim them under the law for the benefit of his family? The chancellor held, in opposition to the spirit and tenor of the case of Denny v. White, 2 Cold., 283, that the exempted property included in the mortgage, was subject to sale; and, upon dissolving the injunction, ordered the same to be sold.
We do not, in this application, decide whether the case of Denny v. White, is good law or not; but we hold that until that case shall be reviewed and reversed by this court, it was error in the court below to disregard it, and order a sale of exempted property. Especially, as there were other questions involved in the case, upon the final determination of which, it may turn out, as alleged by petitioner, that the debts provided for in this mortgage may be satisfied *544 without resorting to the exempt property. Upon both grounds, the supersedeas suspending- the sale of the exempted property until a Jinal hearing, was ordered, and the order will stand as already made.
The motion to discharge it is disallowed.